UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL NATHAN WARD, | ) 1:12-cv—01983-SKO-HC |
| | ) |
| Petitioner, | ) ORDER DISMISSING PETITION FOR |
| | ) WRIT OF HABEAS CORPUS BROUGHT |
| | ) PURSUANT TO 28 U.S.C. § 2241 |
| v. | ) (Doc. 1) |
| | ) |
| On Habeas Corpus, | ) ORDER DECLINING TO ISSUE A |
| | ) CERTIFICATE OF APPEALABILITY AND |
| Respondent. | ) DIRECTING THE CLERK TO CLOSE THE |
| | ) CASE |
| _____ | ) |

Petitioner is a federal prisoner proceeding pro se in a habeas corpus action pursuant to 28 U.S.C. § 2241.  Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in a signed writing filed by Petitioner on December 17, 2012 (doc. 4).   Pending before the Court is the petition, which was filed on December 5, 2012.

I.   Screening the Petition

The Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241.  Habeas Rule 1(b).  Habeas Rule 4 requires the Court to make a preliminary

1

review of each petition for writ of habeas corpus.  The Court

must summarily dismiss a petition "[i]f it plainly appears from

the petition and any attached exhibits that the petitioner is not

entitled to relief in the district court...."  Habeas Rule 4;

O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also

Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).  Habeas Rule

2(c) requires that a petition 1) specify all grounds of relief

available to the Petitioner; 2) state the facts supporting each

ground; and 3) state the relief requested.

Notice pleading is not sufficient; the petition must state

facts that point to a real possibility of constitutional error.

Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v.

Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S.

63, 75 n. 7 (1977)).  Allegations in a petition that are vague,

conclusory, or palpably incredible are subject to summary

dismissal.  Hendricks v. Vasquez, 908 F.2d at 491.  Further, the

Court may dismiss a petition for writ of habeas corpus either on

its own motion under Habeas Rule 4, pursuant to the respondent's

motion to dismiss, or after an answer to the petition has been

filed.  Advisory Committee Notes to Habeas Rule 8, 1976 Adoption;

see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

Here, Petitioner is an inmate of the Taft Correctional

Institution at Taft, California (TCI) who challenges convictions

that he suffered in May 2008 in United States v. Joel Nathan

Ward, case number 2:07-cr-00135-GEB-1, in the Sacramento Division

of this Court.  Petitioner alleges that he suffered multiple

violations of specified constitutional rights during the

proceedings relating to his conviction occurring between November

2

1   2006 and April 25, 2008.  (Pet., doc. 1, 1-4.)  Petitioner

2   contends that the proceedings were illegal from their inception

3   due to a lack of authority or jurisdiction to prosecute

4   Petitioner which Petitioner alleges resulted from specified

5   instances of misconduct on the part of government agents,

6   including but not limited to an illegal search and seizure of

7   evidence used to prosecute Petitioner, falsification of

8   information in the affidavit and criminal complaint, illegal

9   arrest, and ineffective assistance of counsel during pretrial

10  proceedings and in connection with advice given to Petitioner

11  concerning a plea bargain that resulted in Petitioner's entering

12  an uninformed and involuntary plea of guilty and being sentenced

13  to the term he is presently serving.  (Id. at 4-18.)  Petitioner

14  alleges generally that he is illegally incarcerated and is

15  innocent of committing any criminal offense against the United

16  States or criminal violation of any federal law.  (Id. at 2.)  He

17  further asserts that he believes the remedy pursuant to 28 U.S.C.

18  § 2255 is inadequate or ineffective.  (Id. at 2-3.)  He states

19  he is well past the one-year period of limitation set forth in

20  § 2255(f).  (Id. at 3.)

21      II.  Analysis

22      A federal prisoner who wishes to challenge his conviction or

23  sentence on the grounds it was imposed in violation of the

24  Constitution or laws of the United States or was otherwise

25  subject to collateral attack must do so by way of a motion to

26  vacate, set aside, or correct the sentence under 28 U.S.C.

27  § 2255.  28 U.S.C. § 2255; Stephens v. Herrera, 464 F.3d 895, 897

28  (9th Cir. 2006); Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.

1   1988).  In such cases, the motion must be filed in the district
2   where the defendant was sentenced because only the sentencing
3   court has jurisdiction.  Hernandez v. Campbell, 204 F.3d 861, 864
4   (9th Cir. 2000); Tripati, 843 F.2d at 1163.  Generally, a
5   prisoner may not collaterally attack a federal conviction or
6   sentence by way of a petition for a writ of habeas corpus
7   pursuant to 28 U.S.C. § 2241.  Stephens v. Herrera, 464 F.3d at
8   897; Tripati, 843 F.2d at 1162.

9       In contrast, a federal prisoner challenging the manner,
10  location, or conditions of that sentence's execution must bring a
11  petition for writ of habeas corpus under 28 U.S.C. § 2241.  Brown
12  v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

13      A federal prisoner authorized to seek relief under § 2255
14  may seek relief under § 2241 only if he can show that the remedy
15  available under § 2255 is "inadequate or ineffective to test the
16  legality of his detention."  United States v. Pirro, 104 F.3d
17  297, 299 (9th Cir. 1997) (quoting § 2255).  Although there is
18  little guidance from any court on when § 2255 is an inadequate or
19  ineffective remedy, the Ninth Circuit has recognized that the
20  exception is narrow.  Id; Moore v. Reno, 185 F.3d 1054, 1055
21  (9th Cir. 1999) (dismissal of a successive motion pursuant to
22  § 2255 did not render such motion procedure an ineffective or
23  inadequate remedy so as to authorize a federal prisoner to seek
24  habeas relief); Aronson v. May, 85 S.Ct. 3, 5 (1964) (denial of a
25  prior § 2255 motion is insufficient to render § 2255 inadequate);
26  Tripati, 843 F.2d at 1162-63 (9th Cir. 1988) (a petitioner's
27  fears of bias or unequal treatment do not render a
28  § 2255 petition inadequate); see, United States v. Valdez-

4

Pacheco, 237 F.3d 1077 (9th Cir. 2001) (procedural requirements
of § 2255 may not be circumvented by filing a petition for writ
of audita querela pursuant to the All Writs Act, 28 U.S.C.
§ 1651).

The burden is on the petitioner to show that the remedy is
inadequate or ineffective.  Redfield v. United States, 315 F.2d
76, 83 (9th Cir. 1963).  If a petitioner proceeding pursuant to
§ 2241 fails to meet his burden to demonstrate that the § 2255
remedy is inadequate or ineffective, then the § 2241 petition
will be dismissed for lack of jurisdiction.  Ivy v. Pontesso, 328
F.3d 1057, 1061 (9th Cir. 2003).

In this case, Petitioner challenges the underlying
conviction and sentence imposed on him because of alleged errors
in the pretrial proceedings that resulted in his conviction.
Because Petitioner is alleging errors in his conviction and
sentence, and not errors in the administration of his sentence,
Petitioner is not entitled to relief under § 2241.

Further, Petitioner makes no showing that § 2255 is
inadequate or ineffective.  Petitioner states that he has missed
the time deadline for filing a motion pursuant to § 2255.  (Pet.,
doc. 1, 3.)  However, the mere unavailability of a remedy
pursuant to § 2255 based on the procedural requirements of such a
motion does not demonstrate that the remedy pursuant to § 2255 is
inadequate or ineffective.  United States v. Garcia, 210 F.3d
1058, 1060 (9th Cir. 2000) (applying the limitations period to
federal prisoners); Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir.
1999) (the unavailability of a § 2255 motion due to procedural
limitations, such as the prohibition of successive petitions,

1  does not render the § 2255 remedy inadequate or ineffective).

2      Petitioner alleges generally that he committed no federal

3  crime.  Although authority in this circuit is limited, the § 2255

4  remedy is deemed inadequate and ineffective, and thus a petition

5  pursuant to § 2241 is available, when the petitioner 1) claims to

6  be factually innocent of the crime for which he has been

7  convicted, and 2) has never an "unobstructed procedural shot" at

8  presenting the claim.  Stephens v. Herrera, 464 F.3d at 898.  A

9  claim of actual innocence for purposes of the "escape hatch" of

10  § 2255 is assessed by the test stated in Bousley v. United

11  States, 523 U.S. 614, 623 (1998), which in turn requires that the

12  petitioner demonstrate that in light of all the evidence, it is

13  more likely than not that no reasonable juror would have

14  convicted him.  Stephens, 464 F.3d at 898.

15      Here, Petitioner has not submitted any information that

16  would tend to show that he was factually innocent of his

17  commitment offenses.  Thus, if Petitioner wishes to pursue his

18  claims in federal court, he must do so by way of a motion to

19  vacate or set aside pursuant to 28 U.S.C. § 2255.

20      The Court concludes that the petition must be dismissed for

21  lack of jurisdiction.

22      III.  Certificate of Appealability

23      Unless a circuit justice or judge issues a certificate of

24  appealability, an appeal may not be taken to the Court of Appeals

25  from the final order in a proceeding under section 2255.  28

26  U.S.C. § 2253(c)(1)(B); Hohn v. United States, 524 U.S. 236, 239-

27  40 (1998).  Appeal from a proceeding that is nominally undertaken

28  pursuant to 28 U.S.C. § 2241, but which is really a successive

6

application under § 2255, requires a certificate of appealability. <u>Porter v. Adams</u>, 244 F.3d 1006, 1007 (9th Cir. 2001).

It appears from the face of Petitioner's § 2241 petition that Petitioner is raising claims attacking only the legality of his sentence, and not the execution of his sentence.

A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. § 2253(c)(2). Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. <u>Miller-El v. Cockrell</u>, 537 U.S. at 336 (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)). A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right or that jurists of reason would find it debatable whether the district court was correct in any procedural ruling. <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000). In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong. <u>Id.</u> It is necessary for an applicant to show more than an absence of frivolity or the existence of mere good faith; however, it is not necessary for an applicant to show that the appeal will succeed. <u>Miller-El v. Cockrell</u>, 537 U.S. at 338.

///

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Rule 11(a) of the Rules Governing Section 2254 Cases.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner.  Petitioner has not made a substantial showing of the denial of a constitutional right.  Accordingly, the Court will decline to issue a certificate of appealability.

IV.  <u>Disposition</u>

Accordingly, it is ORDERED that:

1)  The petition for writ of habeas corpus is DISMISSED for lack of jurisdiction because the petition does not allege grounds that would entitle Petitioner to relief under 28 U.S.C. § 2241; and

2)  The Court DECLINES to issue a certificate of appealability; and

3) The Clerk is DIRECTED to close the action because this order terminates the proceeding in its entirety.

IT IS SO ORDERED.

**Dated:    December 28, 2012**              **/s/ Sheila K. Oberto**
                                 UNITED STATES MAGISTRATE JUDGE